IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FREDERICK LEE IRONS,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 02-cv-724-DRH** |
| vs. | ) | |
| | ) | **CRIMINAL NO. 99-cr-30022** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

On March 29, 2004, the Court dismissed Petitioner's motion, brought pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence (Doc. 21). Subsequently, the Court denied Petitioner's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 25), and Petitioner's motion for a certificate of appealability (Doc. 30). On April 7, 2005, the Court of Appeals issued a mandate denying Petitioner's request for a certificate of appealability. Petitioner now seeks relief from the Court's judgment in denying the section 2255 motion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 34).

In the instant motion Petitioner does not contend that there was some defect in the section 2255 proceedings, but continues to state claims attacking his conviction and sentence. This attempt is an impermissible second or successive application for collateral review, which may only be brought if the court of appeals certifies that the application is based on either "a new rule of constitutional law made retroactively applicable by the Supreme Court to collateral challenges to final judgments or on newly discovered evidence that demonstrates that no reasonable finder of fact

could have found the applicant guilty." *Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002) (citing 28 U.S.C. §§ 2244(b)(2), 2255 ¶ 8).  Petitioner has received no such certification from the court of appeals.

> Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions or other custody-creating or -enhancing punishments by styling their collateral attacks as motions for reconsideration under Rule 60(b).  *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999); *Burris v. Parks*, 130 F.3d 782, 783 (7th Cir. 1997); *cf. Calderon v. Thompson*, 523 U.S. 538, 553, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998).  There must be no circumvention of those restrictions by classifying a collateral attack as a Rule 60(b) motion.

Harris v. Cotton, 296 F.3d 578, 579-80 (7th Cir. 2002).

Because there is no certification by the court of appeals giving Petitioner permission to file a second or successive section 2255 petition, the Court does not have jurisdiction to consider the motion to reconsider (Doc. 34) and **DISMISSES** it for **lack of jurisdiction**.

**IT IS SO ORDERED.**

**DATED:** January 4, 2006.

/s/   David RHerndon
**DISTRICT JUDGE**