IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK LEE IRONS,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 02-cv-724-DRH** |
| vs. ) | |
| ) | **CRIMINAL NO. 99-cr-30022** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Currently pending before the Court is Petitioner's fourth motion for reconsideration in his 28 U.S.C. § 2255 action (Doc. 50). Specifically, he asks the Court to alter or amend its judgment denying Petitioner's request for discovery and appointment of counsel. The case is currently on appeal in the United States Court of Appeals for the Seventh Circuit (*see* Doc. 40, Notice of Appeal).

Petitioner's filing of a notice of appeal has transferred jurisdiction over this matter to the United States Court of Appeals, Seventh Circuit. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case

is 'in' the court of appeals, and any action by the district court is a nullity." *Kusay*, 62 F.3d at 193 (*citing United States v. Wells*, 766 F.2d 12, 19 (1st Cir. 1985); *Zaklama v. Mt. Sinai Medical Center*, 906 F.2d 645, 649 (11th Cir. 1990); 16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, Federal Practice & Procedure § 3949 at 359 (1977)). Consequently, this Court is without jurisdiction to consider Petitioner's motion. Accordingly, Petitioner's motion is **DISMISSED** for lack of jurisdiction.[1]

    **IT IS SO ORDERED.**

    **DATED: August 25, 2006**

                                                               /s/  David RHerndon
                                                              **DISTRICT JUDGE**

---

[1] *Griggs* notes an important limitation on the rule that just one court at a time possesses jurisdiction: the doctrine applies only to "those aspects of the case involved in the appeal." A district court therefore may award attorneys' fees while the merits are on appeal, *Terket v. Lund*, 623 F.2d 29, 33-34 (7th Cir.1980), and may consider whether to grant permanent injunctive relief while an appeal *from a preliminary injunction is pending, Chrysler Motors Corp. v. International Workers Union*, 909 F.2d 248, 250 (7th Cir. 1990). A district court may address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause. *Chicago Truck Drivers Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 119-20 (7th Cir. 1991); *Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990). However, Plaintiff's motion is not such an "ancillary question."