# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FREDERICK LEE IRONS, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | CIVIL NO. 02-cv-724-DRH |
| vs. | ) | CRIMINAL NO. 99-cr-30023 |
| | ) | |
| UNITED STATES of AMERICA , | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Along with his notice of appeal, Petitioner has moved the Court (a) for issuance of a certificate of appealability (Doc. 59) and (b) for leave to proceed *in forma pauperis* on appeal (Doc. 60). Because different standards apply to these two motions, the Court separately analyzes them.

28 U.S.C. § 2253(c)(1) provides that an appeal "may not be taken" from a final order in a § 2255 proceeding unless a certificate of appealability first is issued. Similarly, Federal Rules of Appellate Procedure 22(b)(1) requires: "in a ... § 2255 proceeding, the applicant cannot take an appeal unless . . . a circuit or district judge issues a certificate of appealability...." 28 U.S.C. § 2253(c)(1). 28 U.S.C. § 2253(c)(2) clarifies that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

Petitioner's motion for issuance of a certificate of appealability simply restates the claims made in his Rule 60(b) motion. However, Petitioner has not made a substantial showing of the denial of any constitutional right. According, Petitioner's motion for issuance of a certificate of

appealability (Doc. 59) is **DENIED**.

The Court now turns to Petitioner's motion for pauper status on appeal. In assessing such a motion, a district court must bear in mind two provisions – 28 U.S.C. § 1915(a) and Federal Rules of Appellate Procedure 24(a). The statutory provision, as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), delineates three grounds on which a court can deny pauper status to a prisoner-appellant: (1) the prisoner-appellant has not established his indigence; (2) the prisoner-appellant's appeal is not taken in good faith; or (3) the prisoner-appellant has "three strikes" already. 28 U.S.C. § 1915(a), (g). *See also Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998). The appellate rule similarly requires the appellant to demonstrate his indigence and mandates that the appeal be taken in good faith. FED.R.APP.P. 24(a)(1)(A), (a)(3). Additionally, the appellate rule requires the appellant to outline his "entitlement to redress" and "the issues that [he] intends to present on appeal." FED.R.APP.P. 24(a)(1)(B), (a)(1)(C).

Several times since the enactment of the PLRA, the Seventh Circuit has addressed what a prisoner must show to secure pauper status on appeal. In 1997, the Court emphasized that the district court's task is quite limited in deciding whether to grant pauper status on appeal:

> Under the former § 1915(d), a district judge could knock out an appeal by certifying that it was frivolous. Under the amended statute, the district court's only role with respect to appeals is determining whether the appeal was taken in 'good faith.'

*Newlin v. Helman,* 123 F.3d 429, 433 (7th Cir. 1997), *cert. denied*, 522 U.S. 1054 (1998).

The following year, the Seventh Circuit issued a *per curiam* opinion "to clarify the district court's responsibilities when making good faith determinations under Federal Rules of Appellate Procedure 24." *Pate*, 163 F.3d at 438. In rejecting the district court's conclusion that the appellant had not complied with Rule 24(a)'s requirement that he articulate the reasons for

2

his appeal, the Seventh Circuit noted that the pleadings before the Court (including post-trial motions) presented arguments as to why he believed he was entitled to redress and spelled out the basis for his appeal. The Seventh Circuit reiterated that the standard governing *in forma pauperis* on appeal is more liberal than the standard governing certificates of appealability, and admonished the lower courts: "We caution district courts not to apply an inappropriately high standard when making good faith determinations." *Pate*, 163 F.3d at 438. *See also Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000) (An appellant is "acting in bad faith in the more common legal meaning of the term . . . [when he sues] . . . on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit.").

Petitioner's Rule 60 motion challenged how this Court disposed of a supplement to Petitioner's § 2255 motion. This Court summarily dismissed Petitioner's § 2255 action on March 29, 2004. *See* (Docs. 21 and 22). With regard to Petitioner's supplement, this Court concluded that the claims asserted in it did not relate back to the date of the filing the original § 2255 motion and, therefore, were time barred. *See* (Doc. 21) Alternatively, the Court found that even if the claims were *not* time barred, they had no merit. *Id*. Thus, even if the argument in Petitioner's Rule 60 motion was correct that Petitioner's supplement related back to the filing date of the original § 2255 motion, this Court found that Petitioner was still not entitled to § 2255 relief (or relief pursuant to Rule 60) because the claims asserted in the supplement were without merit.

A finding that the claims asserted in Petitioner's supplement had no merit is the equivalent of a finding that the claims were frivolous under 28 U.S.C. § 1915. Thus, this Court concludes that the appeal does not appear to be taken in good faith. Accordingly, this Court

3

**DENIES** Petitioner's motion for leave to proceed *in forma pauperis* on appeal (Doc. 60). . Plaintiff shall tender the appellate filing and docketing fee of $455 to the Clerk of Court in this district, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

    **IT IS SO ORDERED**.

    **DATED:** March 30, 2009.

                                    /s/   DavidRHerndon
                                    **DISTRICT JUDGE**